UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CR. NO. G-06-08(04) |
| | § | |
| BRODERICK WADE YORK | § | |

### ORDER DENYING MOTION FOR TRANSCRIPTS

Following a jury trial, Defendant York was convicted of Bank Robbery and Conspiracy to commit Bank Robbery, Witness Tampering and Conspiracy to Tamper with a Witness, two counts of Felon in Possession of Firearm, and two counts of Discharging a Firearm in connection with a Crime of Violence (D.E. 296). He was sentenced on April 29, 2008, to serve concurrent prison terms of 60, 120, 300, and 240 months to be followed by two consecutive life terms (*Id.*). His convictions were affirmed by the Fifth Circuit Court of Appeals on April 14, 2010 (D.E. 349). On May 4, 2010, Defendant York filed a motion requesting free copies of his transcripts for purposes of filing a motion to vacate pursuant to 28 U.S.C. § 2255 (D.E. 351). The motion was referred to undersigned United States Magistrate Judge.

To the extent that York seeks documents at government expense, he is not entitled to transcripts because he has no active case before the Court. Even assuming that he could establish that he is indigent, an indigent defendant has a statutory right to free court documents, including transcripts, only in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however,

that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f). York has not met this requirement. Thus, his motion is DENIED WITHOUT PREJUDICE insofar as it seeks transcripts at government expense. See, e.g., United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").[1]

ORDERED this 7th day of May, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] Undersigned suggests that defendant contact his attorney for the transcripts. *See Resolution Trust Corporation v. H—, P.C.,* 128 F.R.D. 647, 647-50 (N.D. Tex. 1989) (contents of an attorney's client's file belong to the client and attorney may copy, at his own expense, portions of the file he wishes to retain) (citing *Spivey v. Zant*, 683 F.2d 881 (5th Cir. 1982), and *Hebisen v. Texas*, 615 S.W.2d 866 (Tex.Civ.App.–Houston, no writ)). *See also Maxwell v. Florida*, 479 U.S. 972, 107 S.Ct. 474 (1986) (Brennan, J, dissenting from the denial of certiorari). Alternatively, imaged transcripts can be purchased from the Clerk for ten cents per page (pre-paid).